Filed 6/28/22 Edward v. Ellis CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SANFORD EDWARD, | |
| Plaintiff and Respondent, | G060310 |
| v. | (Super. Ct. No. 30-2019-01052734) |
| DAVID ELLIS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Richard Y. Lee, Judge. Affirmed.

Ballard Spahr, Robert S. Gutierrez and Elizabeth L. Schilken for Defendant and Appellant.

Bostwick Law, Gary L. Bostwick; Drooz Legal and Deborah Drooz for Plaintiff and Respondent.

\*        \*        \*

This is our second opinion in this case. A real estate developer sued a political consultant for making allegedly false statements about him in campaign mailers that were distributed to voters in a local city council election. The political consultant moved to strike the complaint under the anti-SLAPP (strategic lawsuit against public participation) statute, asserting the claims arose from protected activity. (See Code Civ. Proc.,[1] § 425.16 (§ 425.16).) The trial court denied the political consultant's anti-SLAPP motion, finding that although the complaint arose from protected conduct, the developer had demonstrated a probability of prevailing on his libel claim. The political consultant appealed that order.

While that appeal was pending, the developer moved to recover the attorney fees and costs he had incurred in opposing the anti-SLAPP motion, asserting the motion was frivolous and solely intended to cause unnecessary delay. The trial court granted that motion and awarded the developer about $43,000. The political consultant then filed this second appeal, challenging the fee award.

In our first opinion, we affirmed the trial court's order denying the anti-SLAPP motion, concluding the developer had demonstrated a probability of prevailing on his libel claim. In this opinion, we affirm the attorney fee award, finding no abuse of discretion.

## FACTS

As explained more fully in *Edward v. Ellis* (2021) 72 Cal.App.5th 780, Dana Point Taxpayers Association (DPTA) is a political action committee that supported certain candidates in the 2018 Dana Point city council election. DPTA hired political consultant David Ellis to manage its campaign; Ellis concluded the best way to win was to run a negative campaign.

---

[1] All further undesignated statutory references are to this code.

2

Ellis designed two campaign mailers suggesting that local real estate developer Sanford Edward supported and controlled the opposing candidates. The mailers also arguably insinuated Edward had been found liable for fraud and had paid damages to the City of Dana Point (the City) in a 2016 lawsuit and was now plotting to take over the city council so he could recover that money from the City.[2]

Those insinuations were false. According to a 2017 settlement agreement between the City and Edward resolving the 2016 lawsuit, Edward paid nothing to the City on its fraud cause of action, and the City expressly withdrew and rescinded that claim.

Edward believed the mailers falsely suggested he had been found liable for fraud and paid damages to the City, and he filed a complaint against DPTA for libel per se. DPTA filed an anti-SLAPP motion in response, asserting the complaint arose out of its exercise of its free speech on issues of public interest, and Edward could not demonstrate a probability of prevailing on his claim.

While DPTA's anti-SLAPP motion was pending, Edward deposed Ellis, DPTA's person most knowledgeable on the creation of the mailers. Ellis admitted during his deposition that during his prepublication research for the mailers he read an article published in the Orange County Register that discussed the 2017 settlement between Edward and the City; the article covered, among other things, the City's agreement to rescind its fraud claim against Edward. Edward included the transcript of Ellis's deposition in his opposition to DPTA's anti-SLAPP motion.

The trial court issued a tentative ruling denying DPTA's motion. It found that although the complaint arose from protected activity, Edward had demonstrated a probability of prevailing on his libel claim because the mailers reasonably could be understood to falsely imply Edward had been found liable to the City for fraud and paid

---

[2]     The mailers are attached in an appendix to our first opinion.

3

fraud damages. Citing Ellis's deposition testimony, the court further found Edward had demonstrated a probability of proving DPTA acted with actual malice because its person most knowledgeable (Ellis) knew of or recklessly disregarded the falsity of the statements in the mailers. DPTA waived its right to a hearing and submitted on the tentative ruling, which became the order of the court. DPTA did not appeal that ruling.

Edward then amended his complaint to substitute in Ellis as a Doe defendant. Ellis responded with his own anti-SLAPP motion, raising similar arguments to those previously asserted by DPTA. Ellis also argued Edward could not establish actual malice because there was no evidence Ellis intended to convey that Edward had been found liable for fraud and paid damages. (See *De Havilland v. FX Networks, LLC* (2018) 21 Cal.App.5th 845, 869-870 [in cases of defamation by implication, public figure plaintiff must prove the defendant intended the defamatory impression, and not just unknowingly misled the public].) His motion also cited additional authorities not previously cited by DPTA concerning rhetorical hyperbole and defamatory implication.

The trial court denied Ellis's motion, adopting a similar line of reasoning as in its earlier order denying DPTA's anti-SLAPP motion. Among other things, the court found Edward had made a sufficient prima facie showing of the legal sufficiency and triability of the actual malice element, citing Ellis's admission during his deposition that he had read the newspaper article about the settlement and the City's rescission of the fraud claim before distributing the mailers. Ellis filed a notice of appeal of that order.

While Ellis's first appeal was pending, Edward filed a motion to recover the attorney fees and costs he had incurred in opposing Ellis's anti-SLAPP motion. He argued Ellis's anti-SLAPP motion was frivolous and was solely intended to cause unnecessary delay, as demonstrated by the fact that it raised the same arguments that the trial court had previously rejected in its ruling on DPTA's anti-SLAPP motion. (See § 425.16, subd. (c)(1) [prevailing plaintiff on anti-SLAPP motion shall recover fees under § 128.5 if the motion was frivolous or solely intended to cause unnecessary delay].)

4

The trial court granted Edward's fee motion and awarded him over $43,000 in fees and costs. The court reasoned that many of the arguments raised in Ellis's motion were identical to arguments raised in DPTA's motion that had been rejected by the court. As for the fact that Ellis's anti-SLAPP motion raised one previously unasserted issue— Ellis's alleged lack of intent to convey falsity—the court found that was a "distinction . . . without a difference in light of the facts and evidence submitted to the Court on the anti-SLAPP motions, Ellis' position as DPTA's authorized agent and person most knowledgeable, and Ellis' deposition testimony." Ellis filed a second appeal, this time challenging the fee order.[3]

Meanwhile, in the first appeal, we affirmed the order denying Ellis's anti-SLAPP motion, since Edward had shown a probability of prevailing on the merits: the mailers reasonably could be understood by an average Dana Point voter to imply that Edward was found liable for fraud and paid money damages to the City as a result, and the insinuation was provably false. We noted the mailers also might be susceptible to other innocent interpretations, but concluded it was for the jury to decide how they were in fact understood.

We further found Edward had established a probability of producing clear and convincing evidence of actual malice—i.e., that Ellis made the defamatory statements despite knowledge of their falsity. We noted that Ellis admitted at deposition that, as part of his prepublication research for the mailers, he read the newspaper article about the 2017 settlement between Edward and the City, including the section describing the City's agreement to "rescind" its fraud claim against Edward. We concluded that admission demonstrated Ellis was aware long before distribution of the contested mailers that Edward did not pay damages to the City for fraud, yet Ellis went ahead with the publication of mailers that insinuated the very opposite.

---

[3] The parties fully briefed this second appeal in late 2021, before we published our opinion in the first appeal.

We now turn to Ellis's second appeal challenging the fee order.

## DISCUSSION

As we explained in our previous opinion, the Legislature enacted the anti-SLAPP statute to address "what are commonly known as SLAPP suits (strategic lawsuits against public participation)—litigation of a harassing nature, brought to challenge the exercise of protected free speech rights." (*Fahlen v. Sutter Central Valley Hospitals* (2014) 58 Cal.4th 655, 665, fn. 3.) The statute authorizes a special motion to strike meritless claims early in the litigation if the claims "aris[e] from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).)

When evaluating a special motion to strike, the trial court engages in a two-step process. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . . [Citation.] If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

"If the court finds that [the] special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." (§ 425.16, subd. (c)(1); see § 128.5, subd. (a) [permitting court to order party "to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause

6

unnecessary delay"].)  This provision is designed to "*discourage*[] [the filing of] unmeritorious strike motions."  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1137.)

The imposition of sanctions for a frivolous anti-SLAPP motion is mandatory.  (*Foundation for Taxpayer & Consumer Rights v. Garamendi* (2005) 132 Cal.App.4th 1375, 1388 (*Garamendi*).)  "'Frivolous in this context means that any reasonable attorney would agree the motion was totally devoid of merit.'"  (*L.A. Taxi Cooperative, Inc. v. The Independent Taxi Owners Assn. of Los Angeles* (2015) 239 Cal.App.4th 918, 932 (*L.A. Taxi*).)

We review the trial court's finding that the anti-SLAPP motion was frivolous for abuse of discretion.  (*Garamendi*, *supra*, 132 Cal.App.4th at p. 1394.)  "'Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 (*Denham*)), or when the court's ruling "is 'so irrational or arbitrary that no reasonable person could agree with it'" (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773 (*Sargon*)).  For example, if the trial court applies the incorrect legal standard in awarding fees, that could amount to an abuse of discretion and warrant a reversal.  (See, e.g., *Baughn v. Department of Forestry & Fire Protection* (2016) 246 Cal.App.4th 328, 341 [trial court awarded fees to the plaintiff who successfully defeated anti-SLAPP motion because the plaintiff was prevailing party, not because motion was frivolous; court abused its discretion in awarding fees on improper basis, so matter was remanded for reconsideration].)  Unless a clear case of abuse is shown, we will not substitute our judgment for the trial court's opinion and thereby divest the trial court of its discretionary power.  (*Denham*, at p. 566.)

The trial court in this case found Ellis's anti-SLAPP motion was frivolous because most of his arguments were identical to arguments previously raised in DPTA's motion and rejected by the court.  The court rejected Ellis's argument that his motion was not frivolous because it raised a previously unasserted issue—his lack of intent to convey

falsity—finding that was a "distinction . . . without a difference in light of . . . Ellis' deposition testimony."

As discussed at oral argument, we believe it is a close call whether any reasonable attorney would agree Ellis's anti-SLAPP motion was totally devoid of merit. (See *L.A. Taxi, supra,* 239 Cal.App.4th at p. 932 ["'Frivolous in this context means that any reasonable attorney would agree the [anti-SLAPP] motion was totally devoid of merit.'"].) However, applying the deferential abuse of discretion standard of review here, as we must, we conclude the court's ruling did not exceed the bounds of reason, nor was it so irrational or arbitrary that no reasonable person could agree with it. (*Sargon, supra,* 55 Cal.4th at p. 773; *Denham*, *supra,* 2 Cal.3d at p. 566.) Ellis's motion raised arguments that were largely similar in substance to arguments the court had previously rejected, and Ellis's new argument concerning his lack of intent to convey a falsity was contradicted by his own deposition testimony. We discern no abuse of discretion in the court's finding of frivolousness.

Ellis insists his anti-SLAPP motion was not frivolous because his motion cited new authorities on rhetorical hyperbole and defamatory implication that were not previously cited in DPTA's anti-SLAPP motion, and he reasonably believed his motion would turn out more favorably than DPTA's motion because DPTA had waived its right to a hearing on its motion. These arguments ignore the applicable standard of review, which is abuse of discretion. At the end of the day, the controlling question here is not whether we believe Ellis's motion was frivolous; it is whether the trial court's conclusion that the motion was frivolous exceeded the bounds of reason. On this record, particularly in the face of Ellis's own deposition testimony, we conclude it did not.

Ellis also argues that the previous ruling on DPTA's anti-SLAPP motion, which was heard before Ellis was even a party to the lawsuit, should not preclude Ellis from bringing his own anti-SLAPP motion. We agree. A newly added defendant may bring his or her own anti-SLAPP motion. However, if that anti-SLAPP motion is

8

frivolous, as the trial court found here, the moving party runs the risk of an attorney fee award.

## DISPOSITION

The order is affirmed.  Edward shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


GOETHALS, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MARKS, J.*


\* Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.